IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD STEVENSON,  Petitioner, | § § § |
| v. | §   No. 3:20-cv-00052-B (BT) |
| LORIE DAVIS-DIRECTOR TDCJ-CID,  Respondent. | § § § § § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Donald Stevenson, a state prisoner, filed a *pro se* petition asking the Court to order the Dallas County Court Clerk to send him documents from his state criminal cases. He also filed a motion to compel discovery (ECF No. 5) and a motion to expand the record (ECF No. 6). The Court should deny the petition and motions.

I.

Stevenson pled guilty in Dallas County to aggravated kidnapping in cause number F12-54028 and unlawful possession of a firearm in cause number F12-54029. On November 30, 2012, he was sentenced to thirty years' imprisonment in each case, to run concurrently.

Here, Stevenson asks the Court to order the Dallas County Court Clerk to produce the district attorney's case files from his criminal cases, the transcripts from his trial and hearings, and the police videos, witness statements, and 911

1

recordings from his cases. He states he needs these materials to file a habeas petition challenging his convictions.

II.

Stevenson's petition is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

III.

Stevenson's petition fails to state a claim upon which relief may be granted. Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Dekalb County Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Vela v. Davis*, 713 F. App'x 382, 382 (5th Cir. 2018) (affirming dismissal of petition to compel state court to produce copy of state records). Here, Stevenson seeks only mandamus relief. His petition should therefore be dismissed.

IV.

The undersigned recommends that Stevenson's petition be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915A and that all pending motions be denied.

Signed April 16, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).